NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARRY DE SILVA SUMALA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-73160

Agency No. A094-912-730

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:   FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Larry De Silva Sumala, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

denying his motion for a continuance.  We have jurisdiction under 8 U.S.C.

---

*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Sumala's motion for a continuance where he failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *see also Ahmed*, 569 F.3d at 1012 (court reviews the denial of a continuance on a case by case basis in consideration of a non-exhaustive list of factors).

The BIA did not abuse its discretion in denying Sumala's motion to remand, where he failed to demonstrate prima facie eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief.") (citation omitted); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) ("The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same.").

We reject as unsupported by the record Sumala's contentions that he was improperly denied the opportunity to apply for voluntary departure because the record demonstrates Sumala did not apply for voluntary departure before the IJ.

**PETITION FOR REVIEW DENIED.**